Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ANDREIA SANDES DIAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ANDREIA SANDES DIAS,<br><br>                                    Plaintiff,<br><br>        v.<br><br>KIMBALL, TIREY & ST. JOHN, LLP, a California limited liability partnership; and LISA ANAYA, individually and in her official capacity;<br><br>                                    Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692p<br>California Civil Code §§ 1788-1788.33 |

Plaintiff, ANDREIA SANDES DIAS (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1.   This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2.   According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

---

[1]  Cal. Civil Code § 1788.1(a)(1).

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

8.     Plaintiff, ANDREIA SANDES DIAS (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.     Plaintiff is informed and believes, and thereon alleges that Defendant, KIMBALL, TIREY & ST. JOHN, LLP (hereinafter "KIMBALL"), is a California limited liability partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 7676 Hazard Center Drive, Suite 900, San Diego, California 92108.  KIMBALL may be served as follows: Kimball, Tirey & St. John, LLP, c/o Ted Kimball, General Partner, 7676 Hazard Center Drive, Suite 900, San Diego, California 92108.  The principal business of KIMBALL is

1   the collection of defaulted consumer debts using the mails and telephone, and KIMBALL regularly

2   attempts to collect defaulted consumer debts alleged to be due another.  KIMBALL is a "debt collector"

3   within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

4           10.     Plaintiff is informed and believes, and thereon alleges that Defendant, LISA

5   ANAYA (hereinafter "ANAYA"), is a natural person and is or was an employee and/or agent of

6   KIMBALL at all relevant times alleged herein.  ANAYA may be served at her current business address

7   at: Lisa Anaya, Kimball, Tirey & St. John, LLP, 7676 Hazard Center Drive, Suite 900, San Diego,

8   California 92108.  The principal purpose of ANAYA's business is the collection of defaulted consumer

9   debts due or alleged to be due another.  ANAYA is regularly engaged in the business of collecting

10  defaulted consumer debts in this state utilizing the U.S. Mail, telephone, and internet.  ANAYA is a

11  "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12          11.     At all relevant times alleged in this Complaint, each Defendant has committed the

13  acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to

14  commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make,

15  the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this

16  Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually

17  and jointly with the other Defendants.

## VI.  FACTUAL ALLEGATIONS

18          12.     On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

19  financial obligation, namely a consumer credit account issued by Almaden Lake Village (hereinafter

20  "the alleged debt").  The alleged debt was incurred primarily for personal, family or household

21  purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer

22  debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.     Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14.     Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.     A true and accurate copy of the collection letter is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.     The collection letter (Exhibit "1") is dated November 23, 2016.

17.     The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

18.     Thereafter, on or about December 2, 2016, Plaintiff mailed a letter to Defendants which stated:

> With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account.  I have attached a copy of your most recent correspondence for your reference.  I will only deal with the original creditor on this account.
>
> You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692k and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.
>
> PLEASE MARK YOUR FILES ACCORDINGLY.

19.     A true and accurate copy of Plaintiff's cease and desist letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20.     Defendants received Plaintiff's cease and desist letter (Exhibit "2") on or about December 7, 2016.

21.     A true and accurate copy of the USPS Tracking Report and Certified Mail Return

Receipt evidencing Defendants' receipt of Plaintiff's cease and desist letter (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

22.    After receiving Plaintiff's cease and desist letter (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

23.    After receiving Plaintiff's cease and desist letter (Exhibit "2"), Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt.

24.    Thereafter, Defendants sent a second collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.    A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

26.    The second collection letter (Exhibit "4") is dated December 23, 2016.

27.    The second collection letter (Exhibit "4") was sent in an envelope on which a postage meter stamp dated December 23, 2016, was imprinted.

28.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail on or about December 23, 2016.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

29.    Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

30.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

31.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32.     Defendant, KIMBALL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.     Defendant, ANAYA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.     The financial obligation alleged to be owed to Almaden Lake Village by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.     Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendants cease and desist their collection collection efforts, in violation of 15 U.S.C. § 1692c(c); and

b.     Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

36.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

/ / /

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

39.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

41.    Defendant, KIMBALL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42.    Defendant, ANAYA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43.    The financial obligation alleged to be owed to Almaden Lake Village by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

44.    Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.    Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendants cease and desist their collection efforts, in violation of Cal. Civil Code § 1788.17;[2] and

b.    Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and

---

[2]  15 U.S.C. § 1692c(c).

mailing a copy of such verification to the Plaintiff, in violation of Cal. Civil Code § 1788.17.[3]

45.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

46.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

47.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[4]

48.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

49.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

c.    Declare that Defendants violated the Rosenthal Fair Debt Collection

---

[3]  15 U.S.C. § 1692g(b).
[4]  15 U.S.C.§ 1692k(a)(2)(A).
[5]  15 U.S.C.§ 1692k(a)(3).

1    Practices Act, Cal. Civil Code § 1788.17;

2         d.    Award Plaintiff statutory damages in an amount not to exceed $1,000,

3    pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4         e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor

5

6    greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

7         f.    Award Plaintiff statutory damages in an amount not to exceed $1,000

8    against each Defendant, pursuant to Cal. Civil Code § 1788.17;[6]

9         g.    Award Plaintiff the costs of this action and reasonable attorneys fees,

10

11   pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

12        h.    Award Plaintiff such other and further relief as may be just and proper.

13

14                                   CONSUMER LAW CENTER, INC.

15   Dated: July 19, 2017                      By: /s/ Fred W. Schwinn
                                                    ☐ Fred W. Schwinn (SBN 225575)
16                                                  ☐ Raeon R. Roulston  (SBN 255622)
                                                    ☐ Matthew C. Salmonsen  (SBN 302854)
17                                                  CONSUMER LAW CENTER, INC.
                                                    12 South First Street, Suite 1014
18                                                  San Jose, California  95113-2418
                                                    Telephone Number: (408) 294-6100
19                                                  Facsimile Number: (408) 294-6190
                                                    Email Address: fred.schwinn@sjconsumerlaw.com
20

21                                                  Attorneys for Plaintiff
22                                                  ANDREIA SANDES DIAS
23

24

25

26

27

28   ---

     [6]  15 U.S.C. § 1692k(a)(2)(A).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDREIA SANDES DIAS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.